UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAFREICI PERALTA,
                         Plaintiff,

           -v-

PCS USA LLC, *doing business as* PITT COOKING SYSTEMS, *also known as* PITT COOKING NEDERLAND and LOUIS VAN LEEUWEN,
                         Defendants.

22-CV-9312 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff commenced this pro se employment discrimination action on October 28, 2022 and obtained permission to proceed *in forma pauperis* (IFP). (ECF Nos. 2, 4.) On November 9, 2022, the Court issued an Order of Service directing the Clerk of Court to deliver all necessary paperwork to the U.S. Marshals Service so that it could serve each Defendant, pursuant to Federal Rule of Civil Procedure 4(c)(3). (ECF No. 6.) By January 19, 2023, the Marshals had not effected service and the Court granted Plaintiff's timely request for an extension of the service deadline. (ECF No. 10.) *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

    On March 7, 2023, Defendants filed a motion to dismiss the complaint. (ECF No. 12.) Defendants' sole ground for dismissal is the fact that the Marshals Service failed to serve them with the complaint. The Marshals instead served only the summons, the Order of Service, and the Order granting Plaintiff's IFP application. (*See* ECF No. 13.) Plaintiff filed an opposition to the motion to dismiss, requesting an additional extension of time for the Marshals to effect proper service. (ECF No. 14.)

    A defendant may move to dismiss for improper service of process under Federal Rule of Civil Procedure 12(b)(5). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden

1

of establishing that service was sufficient." *Khan v. Khan*, 360 Fed.Appx. 202, 203 (2d Cir. 2010). Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). For plaintiffs proceeding IFP, the U.S. Marshals Service is responsible for effecting service. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Courts have held that good cause is established under Rule 4(m) where the Marshals Service has failed to properly effect service, as long as the plaintiff provided the information necessary to identify the defendants. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013) ("The failure of the U.S. Marshals Service to properly effect service of process constitutes 'good cause' for failure to effect timely service, within the meaning of Federal Rule of Civil Procedure 4(m)."); *Kavazanjian v. Rice*, No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. June 6, 2005) (collecting cases). Plaintiff provided the correct information to the Marshals Service and promptly requested an extension of time when the Marshals failed to effect service within the original 90-day window. It would be unjustified to penalize Plaintiff by dismissing her entire action due to a clerical error on the part of the U.S. Marshals.

Defendants' motion to dismiss is therefore DENIED.

The Clerk of Court is directed to again complete a USM-285 form for each Defendant, issue renewed summonses, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to properly effect service upon Defendants within 45 days of the date of this Order.

      The Clerk of Court is further directed to close the motion at ECF No. 12 and to mail a copy of this Order to the pro se party.

      SO ORDERED.

Dated: May 2, 2023
       New York, New York

                                            J. PAUL OETKEN
                                        United States District Judge