January 19, 2024

MEMO ENDORSED

<u>VIA ECF</u>

The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

Re:     ***Peralta v. PCS USA LLC et al.*, 22-cv-9312 (JGLC)—Joint Letter-Motion on
        <u>Discovery Dispute Regarding Plaintiff's Requests for Production</u>**

Dear Judge Clarke:

        In accordance with Local Rule 37.2 and Individual Rule 4(k), Plaintiff Yafreici Peralta and
Defendants Louis Van Leeuwen and PCS USA LLC ("PCS") submit this joint letter seeking the
Court's resolution of a discovery dispute arising from Defendants' responses to Plaintiff's
Requests for Production ("RFPs," and each an "RFP") 3, 5, and 14.[1]  The parties have been unable
to resolve these issues, despite extensive pre-letter negotiations.  Accordingly, the parties submit
this joint letter, in which Plaintiff moves this Court to compel Defendants to produce all responsive
documents.

## I.      **Plaintiff's Position**

        Plaintiff may obtain discovery regarding "any nonprivileged matter that is relevant . . . and
proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  To date, Defendants have
produced just ***86 pages*** of documents.  Defendants have failed to produce numerous documents
that are both responsive and critical to Plaintiff's prosecution of this action, including email
exchanges related to Plaintiff's termination and commissions, determinations of Plaintiff's salary,
and internal discussions of Plaintiff's performance at PCS.  Fed. R. Civ. P. 26(1); *Doug's World
Clocks.com Pty. Ltd. v. Princess Int'l, Inc.*, 323 F.R.D. 167, 173-74 (S.D.N.Y. 2017) (holding that
defendants had an obligation to produce responsive, relevant documents).  Defendants do not
dispute the relevance of these documents, but instead claim they no longer exist.  Plaintiff is
entitled to test the accuracy of this assertion.  Moreover, Defendants' conduct throughout the
course of discovery raises significant questions about their compliance with preservation and
production obligations under the Federal Rules of Civil Procedure and this District's precedent.
*See R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 24 (S.D.N.Y. 2010) ("To fulfill [its] preservation
obligation, a litigant must take affirmative steps to prevent inadvertent spoliation.").

        Accordingly, Plaintiff requests that this Court compel the production of the following
relevant and responsive documents, which, to date, Defendant has not produced:

---

[1]  Plaintiff served the RFPs on October 23, 2023 and engaged undersigned *pro bono* counsel on November
27.  RFP 3 calls for the production of "all documents that refer or relate to any allegation made in Plaintiff's
Complaint."  Ex. A.  RFP 5 calls for the production of "all communications between Defendants and any other
employee of Defendants concerning, relating, or referring to Plaintiff."  *Id.*  RFP 14 calls for the production of "all
documents concerning Defendants' Fourth Affirmative Defense in Defendants' Answer to Plaintiff's Complaint."  *Id.*
Defendants' Fourth Affirmative Defense states: "Plaintiff's claims for discrimination in pay fail because any alleged
difference in pay between Plaintiff and any other similarly situated employees was based on a seniority system, a
merit system, a system which measures earnings by quantity or quality of production, and/or a differential based on
factors other than sex." ECF 30 at 9.  On December 5, 2023, Plaintiff's counsel alerted Defendants' counsel to certain
deficiencies, Ex. B at 6-7, in Defendants' production that are the subject of this letter-motion which the parties have
been unable to resolve.

**RFP 5:** All emails between Defendant Van Leeuwen and any other employee of Defendants' concerning, relating to, or referring to Plaintiff.[2]  These documents will establish Plaintiff's disparate treatment at Defendants' hands and Defendants' retaliation, help to create a timeline of events leading up to and following Plaintiff's termination, and may provide evidence negating Defendants' alleged legitimate, nondiscriminatory reasons for terminating Plaintiff. These documents also likely will evidence Plaintiff's claim of a hostile work environment, since email messages often contain comments, language, and jokes that contribute to such an environment.

Though Defendants did not object to this RFP, Ex. C, and do not dispute the documents' relevance, Defendants have not produced Mr. Van Leeuwen's emails.  Instead, Defendants informed Plaintiff in November that Mr. Van Leeuwen "lost possession" of his emails after PCS's distribution agreement with PCS B.V., the Dutch manufacturer of the cookware PCS sold, was terminated and PCS dissolved in September 2022.  Defendants wrote that the "email domain" formerly used by PCS "was retained by the ongoing PITT Cooking companies," including PITT Cooking America (the entity with which PCS B.V. now has a U.S. distribution agreement), PCS B.V., and Dutch holding company PCS Holding B.V.  Ex. B at 5.

Defendants did not conduct a reasonable search for these documents, inconsistent with their discovery obligations.  Defendants did not even ***begin*** looking for these documents until after Plaintiff's counsel repeatedly asked them to do so.  And, Defendants did not contact any of these entities to obtain responsive documents.[3]  *See Raine Grp. LLC v. Reign Cap., LLC*, 2022 WL 538336, at *1 (S.D.N.Y. Feb. 22, 2022) ("FRCP] 26 and 34 require parties to conduct a reasonable search for documents that are relevant to the claims and defenses").  Instead, ***Plaintiff*** diligently attempted to obtain these emails through other means, including by promptly issuing a subpoena to PITT Cooking America and conferring with the founder of that entity.  These attempts proved fruitless, however, because PITT Cooking America does not have the documents, despite Defendants' representations to the contrary.

Defendants' failure to locate these documents in their files or to obtain them through other means is deeply concerning, because Defendants were obligated to preserve these documents beginning in ***2021***, when they were provided a document preservation notice and reasonably anticipated litigation.  Both parties engaged counsel in 2021, and Plaintiff filed an EEOC submission in 2022.  *See Zubulake*, 220 F.R.D. at 217 ("[A litigant] is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, [or] is reasonably likely to be requested during discovery . . . ."); *Raymond v. City of New York*, 2020 WL 705572, at *6 (S.D.N.Y. Dec. 2, 2020)

---

[2]   Defendants also failed to produce any documents responsive to RFP 4, which seeks communications between Plaintiff and Defendants.  *See* Ex. A.  Because Plaintiff is able to obtain these communications through other means, however, Plaintiff has not been prejudiced by Defendants' failure to produce them and does not seek their production nor plan to seek sanctions on this basis.

[3] Defendant's counsel offered "reach out" to PCS B.V. about the emails, but noted this would unlikely be fruitful since Mr. Van Leeuwen is on bad terms with PCS B.V., and disclosed that Mr. Van Leeuwen and PCS were sued by PCS B.V. and PITT Cooking America (the entity that now has a distribution agreement with PCS B.V.) in connection with the use of PITT Cooking trademarks.  *PITT Cooking America LLC, et al. v. PCS USA LLC et al.*, 3:23-cv-00057-OAW (D. Conn.).  Plaintiff's counsel gave Defendants one week to notify Plaintiff of a plan to contact PCS B.V. prior to filing this letter.  Ex. E.  Defendants did not respond and, based on information and understanding, did not reach out to PCS B.V.

(duty to preserve arises when litigation is reasonably foreseeable, such as upon the filing of a charge of discrimination with the EEOC). Defendants have informed Plaintiff's counsel that the server hosting PCS's emails—and, accordingly, Mr. Van Leeuwen and other employees' work emails—was wiped at some point **after** PCS dissolved in **late 2022**. Thus, to the extent these emails no longer exist, it is a direct result of Defendants failure to preserve them.

Plaintiff requests that this Court to compel Defendants to produce all documents responsive to RFP 5, and/or confirm in writing that these documents no longer exist and provide a detailed explanation as to why.

**RFPs 3 and 14:** All documents relating to: Brandon Hoffman's "experience and performance," as referenced in Defendants' response to Interrogatory 3; Mr. Hoffman's compensation, including any documents related to the purported reduction of his salary and/or the salary for National Director of Sales from $100,000 to $50,000; Mr. Hoffman's departure from PCS; and the pay system discussed in Defendants' Fourth Affirmative Defense. Mr. Hoffman was Plaintiff's predecessor at PCS, and the documents sought concerning his employment will establish Plaintiff's disparate treatment and the discrimination she suffered at the hands of Defendants. Plaintiff's claims of unequal pay and discrimination in this action arise, in significant part, from Plaintiff's knowledge and belief that she was paid **half** of the salary paid to Mr. Hoffman, despite being **more** qualified. ECF 2 at ¶ 20, 60-76. In response to Plaintiff's Interrogatory 3, "Identify the legitimate non-discriminatory reason(s) the defendants claim motivated the adverse action(s) taken against plaintiff that is/are the subject of plaintiff's complaint…," Defendants stated, in part, "[Plaintiff] was paid the same salary as her male counterpart, despite his far greater experience and performance." Ex. D.

Defendant does not dispute that documents responsive to RFPs 3 and 14 are relevant and responsive. To date, Defendants have not produced a **single** document or communication involving Mr. Hoffman aside from 33 paystubs. D0056-D0086. Defendants have also not produced any documents or communications regarding PCS's pay system. Plaintiff requests that this Court compel Defendants to produce all documents responsive to RFP 3 and 14 and/or confirm in writing that these documents no longer exist and provide a detailed explanation as to why.

## II.   Defendants' Position

PCS USA LLC ("PCS") existed from 2019 to 2022 as the U.S. distributor of cooking products manufactured by PCS Holding B.V., PCS B.V, and PITT Cooking America, LLC, (collectively "PITT"). PCS was a very small business with only a few employees—in fact, after Plaintiff was terminated in May 2021, the entire company consisted of only Mr. Van Leeuwen and two other employees. After PITT terminated the marketing and licensing agreement in 2022, PCS ceased its business activities and dissolved in September 2022.

**RFP 5:** Defendants have made a good faith search for responsive emails and there are none in Defendants' possession, custody, or control. Rule 34 of the Federal Rules of Civil Procedure limits document requests to items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Courts have interpreted "control" to mean that a party has "the legal right to obtain the documents requested upon demand" or "has 'access to' and the 'ability to obtain the documents.'" *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147 (S.D.N.Y. 2011) (citations omitted), *aff'd*, 2011 WL 11562419 (S.D.N.Y. Nov. 14, 2011). Importantly, the burden of demonstrating that the party from whom discovery is sought has the practical ability to obtain the

documents at issue rests with the party seeking discovery. *In re: Application of Passport Special Opportunities Master Fund, LP*, No. 16 MISC. 33(PAE), 2016 WL 844833, at *4 (S.D.N.Y. Mar. 1, 2016); *see also Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992) ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion."). And courts have denied motions to compel where the party seeking discovery provided insufficient grounds to demonstrate that the responding party made a good faith search for the materials. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03MD01570GBDSN, 2023 WL 4447869, at *8 (S.D.N.Y. July 11, 2023) (denying discovery where "Plaintiffs provide insufficient grounds to question ARB's 'good faith' search for emails" because "ARB has 'engage[d] in a transparent discovery process,' explaining 'the data sources [it] ha[s] searched,' the 'search terms [it] ran,' and why there are gaps in its records."), *objections overruled*, No. 03MDL1570GBDSN, 2023 WL 5432199 (S.D.N.Y. Aug. 23, 2023).

Defendants do not have possession, custody, or control of any responsive emails sought by Plaintiff—that is, PCS emails concerning, relating to, or referring to Plaintiff. The possession, custody, and control of the PCS emails concerns the relationship between PCS and PITT. Defendant PCS USA LLC entered into a licensing and distribution agreement to market, sell, and service PITT branded cooking products in the United States for the period from February 1, 2019 to December 31, 2023. This agreement gave PCS the right to use certain PITT Cooking marks, trade names, and other intellectual property. During this time, PCS was permitted to use the www.pittcookingsystems.com URL and email domain. Both Mr. Van Leeuwen and Ms. Peralta used this email domain while at PCS, using the email addresses louis@pittcookingsystems.com and yafreici@pittcookingsystems.com, respectively, as did all other PCS employees.

PITT terminated the agreement with PCS in 2022 and subsequently commenced a lawsuit against PCS and Mr. Van Leeuwen in the United States District Court for the District of Connecticut, case number 3:23-cv-00057. In that lawsuit, PITT took issue with PCS's continued possession and use of "the URL www.pittcookingsystems.com and related email addresses" and sought an order directing Defendants "to disable and turn over to Plaintiff PCS B.V. any website, email address, and telephone and facsimile number used in connection with the sale or offering to sell PITT branded products." *See PITT Cooking America, LLC v. PCS USA LLC*, 3:23-cv-00057 (D. Conn.) (Doc. 1, at ¶ 23 and Prayer for Relief ¶ L.) The parties entered into a confidential settlement agreement and the www.pittcookingsystems.com website, email domain, and email accounts and mailboxes were transferred to PITT.

Upon receiving Ms. Peralta's discovery requests seeking certain emails concerning her employment at PCS, Defendants made a good faith search of their files, computers, and servers in an effort to locate any emails that had been saved or any device that may still have been able to access the www.pittcookingsystems.com email domain. Unfortunately, Defendants no longer have the ability or authority to access that email domain. Defendants do not have the ability to access these materials from PITT on demand, as Defendants have no ongoing relationship with any of the PITT entities.

Defendants also engaged their outside IT professional, Anthony Carboni, to assist with the search for the PCS emails. Mr. Carboni is the founder of Glenville Technologies Corp., an independent, full-service IT company located in White Plains, NY. Mr. Carboni explained to Defendants' counsel that PCS used an email tenant that stored all emails on a Microsoft Office

365 server. He confirmed that this email tenant, which contained all mailboxes in the PCS email domain, was transferred to the PITT entities and that Defendants no longer have the authority or ability to access the tenant, domain, or mailboxes. Mr. Carboni explained that none of the emails would have been deleted or destroyed as part of the transfer.

Mr. Carboni also informed Defendants' counsel that he personally searched for copies of the PCS emails on Defendants' computers, including Mr. Van Leeuwen's computer and other computers that previously had access to the PCS mailboxes and PCS emails. Unfortunately, Mr. Carboni was unable to access the PCS mailboxes on Defendants' computers or devices. Mr. Carboni also searched for backups of the PCS mailboxes that may have been made by him, his company, or PCS, and he informed Defendants' counsel that he could not locate a working backup file of any PCS mailboxes. However, Mr. Carboni was able to locate an OST file of Mr. Van Leeuwen's PCS mailbox from an old computer that had previously been replaced. Mr. Carboni informed Defendants' counsel that he loaded the OST file and searched its contents, and that there were no messages in the inbox, sent items, or deleted items older than May 12, 2022. He informed Defendants' counsel that he found no emails to, from, or concerning Ms. Peralta.

Thus, Defendants have made a reasonable, good-faith search for responsive documents consistent with their discovery obligations, and they have produced all responsive documents in their possession, custody, and control.

Plaintiff has made no attempt to show that Defendants have control over responsive documents that have not been produced. Rather, Plaintiff makes the baseless assertion that "Defendants did not even begin looking for these documents until after Plaintiff's counsel repeatedly asked them to do." On the contrary, Defendants searched for responsive emails and had Mr. Carboni do the same before Plaintiff's counsel had been retained or filed an appearance in this case. In fact, Defendants had already responded to Plaintiff's discovery requests by the time Plaintiff retained counsel. Despite being repeatedly informed of the information above, Plaintiff has insisted on filing a motion to compel with regard to materials that Defendants simply do not possess. Acknowledging that a motion to compel makes no sense in this scenario, Plaintiff apparently seeks an order that Defendants "confirm in writing that these documents no longer exist and provide a detailed explanation as to why." Defendants have explained the situation to Plaintiff's counsel repeatedly, both by email and videoconference (and, of course, by providing Defendants' portion of this letter).[4] There is no need or basis for an order that Defendants provide this explanation yet again.

For these reasons, the Court should deny Plaintiff's motion to compel as to Request for Production 5.

**RFPs 3 and 14:** Similarly, Defendants have searched their files and have produced all documents responsive to Requests for Production 3 and 15. Defendants produced all of Mr. Hoffman's payroll records, which show his salary and that his salary was reduced in August 2020. As with RFP 5 above, Plaintiff has failed to show that Defendants have possession, custody, or control over any additional responsive documents. Therefore, the Court should deny Plaintiff's motion to compel as to Requests for Production 3 and 14.

---

[4] Contrary to Plaintiff's erroneous characterization, Defendants are not claiming that the emails "no longer exist," but that Defendants do not have possession, custody, or control of them.

We thank the Court for its consideration of this matter.


Respectfully submitted,


/s/ Danielle Lazarus                         /s/ Zachary J. Phillipps

Danielle Lazarus (*pro hac vice*, Bar No. 5780481)    Steven M. Frederick (SF7613)
Sarah Heaton Concannon (Bar No. SC-9111)             Zachary J. Phillipps (CT 437325)
QUINN EMANUEL URQUHART                                WOFSEY, ROSEN, KWESKIN &
& SULLIVAN, LLP                                      KURIANSKY, LLP
51 Madison Avenue, 22nd Floor                        600 Summer Street
New York, NY 10010                                   Stamford, CT 06901
(202) 538-8122                                       (203) 327-2300
daniellelazarus@quinnemanuel.com                     sfrederick@wrkk.com
sarahconcannon@quinnemanuel.com                      zphillipps@wrkk.com

*Attorneys for Plaintiff Yafreici Peralta*           *Attorneys for Defendants PCS USA LLC*
                                                     *and Louis van Leeuwen*


It is hereby ORDERED that all parties appear for a conference with the Court on **January 30, 2024** at **10:00 a.m.** The conference will be held remotely via Microsoft Teams.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

January 22, 2024
New York, New York