UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAFREICI PERALTA,

                              Plaintiff,

        -v-

PCS USA LLC and LOUIS VAN LEEUWEN,

                              Defendants.

CIVIL ACTION NO. 22 Civ. 9312 (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Defendants PCS USA LLC and Louis Van Leeuwen have failed to make payments to Plaintiff Yafreici Peralta pursuant to the parties' settlement agreement. (ECF No. 63 (the "Settlement Agreement"). Peralta moves to enforce the Settlement Agreement, which the Court retained jurisdiction to enforce. (ECF Nos. 63 at 9; 78 (the "Motion")). Defendants notified the Court that they "have no funds available" to pay Peralta. (ECF No. 82). For the reasons set forth below, the Motion is GRANTED, and judgment is entered against Defendants in the amount of $44,140.82, consisting of $44,000 owed on the principal balance under the Settlement Agreement and $140.82 in interest accrued on past-due payments, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

## II. BACKGROUND

On October 28, 2022, Peralta filed the Complaint, which asserted federal and state discrimination, harassment, and unpaid wages claims against Defendants. (See generally ECF No. 2). On May 22, 2024, Peralta filed the First Amended Complaint, which added claims for breach of contract and retaliation. (See generally ECF No. 57).

Following a settlement conference on June 20, 2024, the parties reached a settlement in principle, and the Honorable Jessica G. L. Clarke dismissed the case but allowed the parties to seek to reopen it within 30 days if the settlement was not consummated.  (See ECF minute entry for June 20, 2024; ECF No. 58).  On August 14, 2024, the parties consented to Magistrate Judge jurisdiction for all purposes.  (ECF No. 62).  The next day, the Court so-ordered the parties' stipulation of dismissal and retained jurisdiction to enforce the Settlement Agreement.  (ECF No. 63).

The Settlement Agreement required Defendants to pay Peralta a total of $55,090.07, including a one-time payment of $2,090.07, one payment of $5,000, and $48,000 to be paid in equal installments over 24 months, in exchange for the release of all Peralta's claims against Defendants through August 15, 2024.  (ECF No. 63 at 4–5, 7).   Defendants made the two one-time payments and the first two installment payments—totaling $11,090.07—but they have not made any payments since August 31, 2024.  (ECF Nos. 79 at 4; 80 ¶¶ 3–5).  The Settlement Agreement provides for interest on uncured, past-due payments at a rate of "5% per diem from the original due date until the date of payment in full[.]"  (ECF No. 63 at 6–7).  Peralta contends that $44,000 remains to be paid on the principal balance.  (ECF No. 79 at 4).

On January 14, 2025, the Court granted Peralta's request to reopen the case for the limited purpose of moving to enforce the Settlement Agreement.  (ECF No. 74).  On February 4, 2025, Peralta filed the Motion.  (ECF No. 78).  On February 20, 2025, after Defendants failed to respond to the Motion, the Court sua sponte extended the deadline for them to do so, warning that "failure to file a response to the Motion will result in the Court ruling on the Motion based on [Peralta's] submission and the parties' [S]ettlement [A]greement alone."  (ECF No. 81).  On

March 5, 2025, Defendants filed a letter stating that they "have no funds available" to pay Peralta. (ECF No. 82). The Court deems the Motion unopposed and ripe for decision.

### III. __DISCUSSION__

To start, the Court expressly "retain[ed] jurisdiction over any disputes and breaches of" the Settlement Agreement, so the Motion is properly before the Court. (ECF No. 63 at 9). See Dannhauser v. TSG Reporting, Inc., No. 16 Civ. 747 (CM) (DF), 2019 WL 2950142, at *7 (S.D.N.Y. June 21, 2019) (quoting Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) ("To retain jurisdiction [to enforce a settlement agreement] . . . a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order.").[1]

"It is well settled that a district court has the power, and indeed the duty, to enforce summarily, on motion, a settlement agreement reached in a case pending before it." Emile v. Ethical Culture Fieldston Sch., No. 21 Civ. 3799 (JPO), 2023 WL 4763233, at *1 (S.D.N.Y. July 26, 2023). Instead of applying the four Winston factors, which courts use to determine whether an enforceable settlement agreement exists, see Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985), we apply basic contract principles "to determine the rights and obligations of the parties" because the Settlement Agreement is a written instrument that the parties executed and the Court approved. (ECF No. 63). See Dannhauser, 2019 WL 2950142, at *8; see also United States v. Prevezon Holdings, Ltd., 289 F. Supp. 3d 446, 450 (S.D.N.Y. 2018) ("[S]ettlement agreements are contracts and must therefore be construed according to general principles of contract law.").

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

The Settlement Agreement invokes New York law (ECF No. 63 at 9), under which the elements of a breach of contract claim are "the plaintiff's performance under the contract, the defendant's breach, and damages resulting from the breach."  Romero v. New Blue Flowers Gourmet Corp., No. 16 Civ. 8753 (DF), 2021 WL 860986, at *3 (S.D.N.Y. March 8, 2021).

It is uncontested that Peralta performed her end of the bargain by releasing her claims against Defendants pursuant to the Settlement Agreement, which Defendants then breached by failing to make required payments.  (See ECF Nos. 63; 79; 80; 82).  Peralta has been damaged to the extent of the payments Defendants have failed to make under the Settlement Agreement. Peralta has thus established each of the elements of a claim for breach of the Settlement Agreement, so the Motion is granted.  See Romero, 2021 WL 860986, at *4–5 (granting plaintiff's motion to enforce where he performed under the settlement agreement and defendant breached by failing to remit the contemplated payments).

The remaining issue is the amount Peralta should receive.  The outstanding principal balance is $44,000, which Defendants must pay.  See Butler v. Suria, No. 17 Civ. 3077 (KPF), 2020 WL 5105160, at *4 (S.D.N.Y. Aug. 31, 2020) (granting motion for entry of judgement after breach of settlement agreement for the principal balance owed plus prejudgment interest on past-due payments).  The $2,000 installments due on each of September 30, 2024, October 31, 2024, November 30, 2024, December 31, 2024, January 31, 2025, and February 28, 2025 are past due. (Id.; ECF Nos. 63 at 5; 80 ¶ 5).  In addition to the principal balance, Peralta seeks interest on these past-due installments, pursuant to the Settlement Agreement, and argues that the interest rate should be "calculated by the day[,]" i.e., multiplying the amount owed by 5% and then multiplying that figure by the number of days since the payment was due, instead of per annum, i.e.,

multiplying the amount owed by 5%, dividing that figure by 365, and then multiplying that amount by the number of days since the payment was due.  (ECF Nos. 79 at 4 n.1, 6; 80 ¶¶ 6–9).

Under the Settlement Agreement, interest on unpaid installments accrues at "5% per diem from the original due date until the date of payment in full" (ECF No. 63 at 6–7), which, consistent with formulas used by other courts in this Circuit and offered as an alternative calculation by Peralta, we calculate as to each past-due payment by (i) multiplying the payment by 5%, (ii) dividing that amount by 365 days, and (iii) multiplying that amount by the number of unpaid days.[2]  See Gesualdi v. Rizzo Assocs., Inc., No. 21 Civ. 1833 (AMD) (MMH), 2024 WL 4142075, at *8 (E.D.N.Y. Sept. 11, 2024); Butler, 2020 WL 5105160, at *3; Chem Rx Pharm. Servs, LLC v. Saratoga Care & Rehab. LLC, No. 19 Civ. 1312 (GTS) (CFH), 2020 WL 4047893 (N.D.N.Y. July 20, 2020); 615 Bldg. Co. v. Rudnick, No. 13 Civ. 215 (GBD) (RLE), 2014 WL 10187040, at *5 n.8 (S.D.N.Y. Nov. 7, 2014); (see ECF Nos. 79 at 4; 80 ¶ 9).  Accordingly, Defendants also owe $140.82 in interest on past-due payments.

| Payment Due Date | Payment Amount | Days Since Due Date | Interest Accrued |
|---|---|---|---|
| September 30, 2024 | $2,000 | 162 | $ 44.38 |
| October 31, 2024 | $2,000 | 131 | $ 35.89 |
| November 30, 2024 | $2,000 | 101 | $ 27.67 |
| December 31, 2024 | $2,000 | 70 | $ 19.18 |
| January 31, 2025 | $2,000 | 39 | $ 10.68 |
| February 28, 2025 | $2,000 | 11 | $  3.01 |
| **Total:** | | | **$ 140.82** |

Because she seeks to reduce the Settlement Agreement to a money judgment, Peralta also moves for post-judgment interest under 28 U.S.C. § 1961.  (ECF No. 79 at 4, 6).  Post-

---

[2] ($2000*0.05) / 365 = $0.27 per day

judgment "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . [and] shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a). The Second Circuit has "consistently held that an award of post-judgment interest is mandatory." Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (citing Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004)). Accordingly, post-judgment interest is awarded pursuant to 28 U.S.C. § 1961.

### IV. <u>CONCLUSION</u>

For these reasons, the Motion is **GRANTED**, and judgment is entered in favor of Peralta and against Defendants in the amount of $44,140.82, consisting of $44,000 owed on the principal balance under the Settlement Agreement and $140.82 in interest accrued on past-due installment payments, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to close ECF No. 78, close the case, and include in the judgment post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

Dated:    New York, New York
          March 11, 2025

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**